# EXHIBIT 1

Case 6:20-cv-00666-ADA   Document 21-1   Filed 11/23/20   Page 1 of 9

THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Oil-Dri Corporation of American ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:15-cv-01067 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| Nestlé Purina Petcare Company ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## AMENDED COMPLAINT

Plaintiff Oil-Dri Corporation of America ("Oil-Dri") complains of defendant, Nestlé Purina Petcare Company ("Nestlé"), as follows:

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

### The Parties

2. Oil-Dri is a Delaware corporation having a principal place of business at 410 North Michigan Avenue, Chicago, Illinois.

3. Nestlé is a Missouri company doing business throughout the United States, and having its executive offices at One Checkerboard Square, St. Louis, Missouri 63164.

4. Nestlé is directly wholly-owned by Nestlé Holdings, Inc. of Glendale, California, and is an indirectly, wholly-owned subsidiary of ultimate corporate owner Nestlé S.A. of Switzerland.

**Venue**

5. Venue is, therefore, proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

**Patent Infringement**

6. Oil-Dri owns and has standing to sue for past, current and future infringement of unexpired United States Patent No. 5,975,019 entitled "Clumping Animal Litter," issued November 2, 1999 to G. Robert Goss and D. Cristina Frugoli ("the Patent," Exhibit 1).

7. Nestlé transacts business in this judicial district and elsewhere in the United States in part by manufacturing, offering for sale and/or selling, both in the past and currently, certain Tidy Cats® clumping cat litters, at least including those known as: Instant Action; Dual Power; ® 24/7 Performance; 4-in-1 Strength; Glade® Tough Odor Solutions; Small Spaces; Occasional Cleaning; Scoop for Multiple Cats; Power Blend; Breathe Easy; Instant Action; LightWeight 4-in-1 Strength; LightWeight 24/7 Performance; Lightweight Glade Tough Odor; and Lightweight Instant Action ("the Accused Products").

8. Through the manufacture, use, offer for sale and sale of the Accused Products, Nestlé has infringed and continues to infringe, various claims of the '019 Patent, including but not limited to claims 1-4, 6-7, 9-11, 13,16, 21-26, 30-32, and 35, pursuant to 35 U.S.C. § 271 et. seq

9. Claim 1 of the '019 Patent is directed to "[a] clumping animal litter" (Ex. 1, col. 9:37). As set forth below, the Accused Products infringe Claim 1 for at least the following reasons:

a. Nestlé describes its Accused Products as "clumping" and "scoopable" cat litters on its attached representative product literature and website (Ex. 2).

b. U.S. Patent No. 6,887,570 (Ex. 3, "the '570 Patent") is owned by a company wholly owned by Nestlé SA, and generally discloses a clumping animal litter with swelling sodium bentonite (NaB) particles coated on the outside of non-swelling calcium bentonite (CaB) particles.

c. The Accused Products practice the '570 Patent, as their packaging is marked with the '570 Patent.

d. Claim 1 recites in part: a "particulate non-swelling clay material having a predetermined mean particle size no greater than about 4 millimeters" (Ex. 1, col. 9:39-41).

e. The Accused Products have been described by Nestlé as consisting of a "natural clay" with "calcium montmorillonite" (Ex. 4), which is a well known non-swelling clay material.

f. The mean particle size for the calcium montmorillonite in the Accused Products is less than about 4 millimeters.

g. The '570 patent discloses a non-swelling clay particle, which may include calcium-montmorillonite, ranging in size from 0.297 mm to 2 mm (Ex. 3, 2:6-9)[1].

h. Claim 1 recites in part: "a particulate swelling clay having a predetermined mean particle size no greater than about 2 millimeters" (Ex. 1, col. 9:42-43).

---

[1]   -10 to 50 mesh converts to .297-2 mm (Ex. 5, Particle Size Conversion Table).

        i.      The Accused Products have been described by Nestlé as consisting of a "natural clay" with "sodium bentonite" (Ex. 4).

        j.      Sodium bentonite is a well-known swelling clay.

        k.      The sodium bentonite in the Accused Products has a mean particle size of less than about 2 millimeters.

        l.      The '570 patent discloses the use of a sodium bentonite powder having a particle size of 0.074 mm (Ex. 3, 2:29[2]).

        m.      Claim 1 recites in part: "wherein the mean particle size of the non-swelling clay material is greater than the mean particle size of the swelling clay" (Exhibit 1, col. 9:44-46).

        n.      The mean particle size of non-swelling clay in the Accused Products '570 patent is substantially greater than the mean particle size of the swelling clay powder in the Accused Products.

10.    Damages to Oil-Dri accruing from Nestlé's infringement of the Patent have occurred based on sales of infringing products in this judicial district and elsewhere in the United States.

11.    Nestlé's infringement has injured Oil-Dri and Oil-Dri is entitled to recover damages adequate to compensate it for infringement of the Patent in-suit.

12.    Nestlé's infringement will continue to injure Oil-Dri until this Court enters an injunction prohibiting further infringement, and specifically enjoins Nestle's further manufacture, use, sale, and offer for sale of the Accused Products.

---

[2]    200 mesh converts to .074 mm (Ex. 5).

**Willful Infringement**

13. Nestlé was aware of the Patent at least as early as about March 20, 2006, when reexamination requestor Clorox cited and discussed the Patent in its reexamination request of U.S. Patent No. 6,887,570, which is owned by a company wholly owned by Nestlé SA.

14. Nestlé was also aware of the relative particle sizes of its swelling and non-swelling clay constituents in its Accused Products.

15. Nestle was aware of the relative weight percentages of those constituents, as compared with those identified and claimed in the Patent. Accordingly, Nestlé knew or should have known that it was infringing the Patent.

16. Nestlé received correspondence from Oil-Dri on March 19, 2014, and again on October 14, 2014, notifying Nestlé of the Patent. The latter correspondence specifically asserted that Nestle was infringing the Patent.

17. For these reasons, as well as additional reasons that may be developed in discovery, Nestlé's infringement has been willful and treble damages and attorney fees should be awarded pursuant to 35 U.S.C. §§284, 285.

**PRAYER FOR RELIEF**

WHEREFORE, Oil-Dri asks this Court to enter judgment against Nestlé, as well as its subsidiaries, agents, servants, employees, attorneys and all persons in active concert or participation with it, and granting Oil-Dri the following relief:

A. An award to Oil-Dri of such damages pursuant to 35 U.S.C. § 284 that are adequate to compensate it for Nestlé's infringement, the damages to be no less than a reasonable royalty;

      B.      An award of prejudgment interest from the date infringement began of the Patent in-suit;

      C.      A permanent injunction pursuant to 35 U.S.C. § 283 prohibiting further infringement of the Patent;

      D.      An award of treble damages pursuant to 35 U.S.C. § 284 to the extent that Nestlé's infringement is ultimately found to be willful.

      E.      An award to Oil-Dri of its reasonable attorney fees pursuant to 35 U.S.C. § 285 upon a determination that this is an exceptional case justifying such fees.

      F.      Such other and further relief as this Court and/or a jury may deem proper and just.

## JURY DEMAND

Oil-Dri demands a trial by jury on all issues triable to a jury.

February 15, 2017

Respectfully submitted,

/s/ Michael P. Mazza\
Michael P. Mazza\
Illinois Bar No. 6201609\
Dana Alvarado\
Illinois Bar No. 6291515\
Paul R. Hale\
Illinois Bar No. 6320732\
MICHAEL P. MAZZA, LLC\
686 Crescent Blvd.\
Glen Ellyn, IL 60137\
Phone: 630-858-5071\
Fax: 630-282-7123\
Email: mazza@mazzallc.com\
          dana@mazzallc.com

Shawn M. Collins\
Robert L. Dawidiuk\
Jeffrey M. Cisowski\
THE COLLINS LAW FIRM\
1770 N. Park Street, Suite 200

- 7 -

        Naperville, IL  60563
        Tel:  630-527-1595
        E-mail: shawn@collinslaw.com
                rdawudiuk@collinslaw.com

**Attorneys for Plaintiff**
**Oil-Dri Corporation of America**

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of the foregoing notice of motion via the Court's CM/ECF system pursuant to L.R. 5.9 on February 15, 2017.

/Michael P. Mazza/